**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

NDOKEY ENOW, # 435845, 1990858     *
    *
Plaintiff     *
    *
v     *     Civil Action No. PWG-16-3917
    *
KATHLEEN S. GREEN, Warden, ECI, *et al.*,     *
    *
Defendants     *

*****

**MEMORANDUM OPINION**

Ndokey Enow filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 with a Motion for Leave to Proceed in Forma Pauperis on December 1, 2016. ECF Nos. 1, 2. Enow has "three strikes" under 28 U.S.C. § 1915(g), and is barred from filing cases unless he pays the filing fee or demonstrates that he is in imminent danger of serious physical injury. *See Enow v. Feinstein, et al.*, No. PWG-15-3348 (D. Md.) (assigning Enow a third "strike" under 28 U.S.C. § 1915(g)).[1] After review of this lengthy complaint, the Court finds no basis to excuse him from paying the full filing fee. Accordingly, the Court will deny the Motion for Leave to Proceed in Forma Pauperis and grant Enow twenty-eight days to pay the $400.00 filing fee and to file an amended complaint which conforms to the requirements of Fed. R. Civ. P. 8(a). Failure to pay the full filing fee and to cure the deficiencies in the Complaint within this time will result in dismissal of this case without prejudice or further notice from the Court.

---

[1] Enow currently has two cases pending in this Court. In *Enow v. Robert L. Green, et al.*, No. PWG-15-3177, filed before Enow accumulated three strikes and in which he was granted leave to proceed in forma pauperis, he claims correctional officers failed to protect him from an assault by a fellow inmate at the Montgomery County Correctional Facility. Enow's second case, *Enow v. Dovey*, No. PWG-16-615, filed on April 19, 2016, presents a litany of claims, including one that correctional officers at Eastern Correctional Institution endangered him by telling inmates that he is a "snitch," resulting in an assault against him by other inmates. The Court determined Enow's allegations sufficient to suggest that he was facing imminent danger of serious physical injury. Accordingly, that case proceeded without payment of the filing fee under the imminent danger exception under § 1915(g).

**Enow's Complaint**

Complaints are reviewed Federal Rule of Civil Procedure 8(a) which requires that they contain "a short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 8(d)(1) further requires that each averment "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Such a statement must give a defendant fair notice of plaintiff's claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court is also mindful that it must liberally construe the complaints of self-represented litigants to address constitutional deprivations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Statements which are unnecessarily prolix place "an unjustified burden on the court and the party who must respond to [them] because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (quoting 5 Charles Wright & Arthur Miller, Fed. Prac. & Proc. § 1281, at 365 (1969)); *see also North Carolina v. McGuirt*, 114 F. App'x 555, 558-59 (4th Cir. 2004). As filed here, the Complaint does not satisfy this standard.

The Complaint names 20 defendants and is comprised of 18 handwritten pages, 149 pages of attachments, and a one-page declaration. It presents numerous allegations concerning

incidents unrelated in time or place. At least one allegation overlaps with or repeats claims previously filed in this court.[2]

Enow alleges that on July 28, 2016, he was subjected to cruel and inhumane conditions when transported from Jessup Correctional Institution (JCI) to Eastern Correctional Institution (ECI) by the Maryland Correctional Transportation Unit (MCTU) in a van that stopped at Patuxent Institution to pick up other inmates. While waiting for other inmates to board, Enow remained inside the transport vehicle for over twenty minutes without air conditioning. Enow claims the temperature reached approximately 115° F, although he does not explain how he arrived at this measurement. He claims he suffered migraine headaches, insomnia, nose bleeding, anxiety, nausea, and dizziness as a result of the heat and lack of ventilation.

Enow alleges that on February 6, 2016, Officers J. Hadesty and R. Ryan began harassing him with verbal threats of physical harm and false accusations, causing him to be placed in disciplinary segregation. Enow claims that for 15 hours between February 6, 2016 and February 7, 2016, he was placed in a cold cell without heat or a mattress while wearing only a jumpsuit. He claims he suffered chest pain, inflammation of the lungs, numbness in his lips, genitalia, hands and legs, headaches, stomach pain dizziness, and nasal congestion.

Enow next alleges that on April 18, 2016, he was assaulted by unidentified ECI officials for filing a complaint against corrections officers at the Maryland Correctional Institution-Hagerstown. Enow provides no other details of the assault. He states he was placed in a strip cell without clothing or a mattress for eight days and suffered extreme emotional distress, embarrassment, back and body pain, migraine headaches, chest pain, and nasal congestion. He

---

[2] *See, e.g., Ndokey v Baucom,* No. PWG-16-3553 (D. Md. ) (alleging claims concerning February 6, 2016 assault by Officer Ryan). On December 9, 2016, the Court denied Enow's Motion for Leave to Proceed in Forma Pauperis and granted him twenty-eight days to pay the full filing fee. *Id.* at ECF No. 6.

3

asserts the cell floor was filthy, there were feces on the walls, and the cell was infested with vermin.

Enow's allegations also pertain to his incarceration at the Maryland Correctional Institution (MCI) between April 21, 2015 and December 3, 2015. He claims that he was placed in administrative segregation at MCI with inmates classified as security threat group members, thereby placing him at risk of harm. Notably, he does not allege that any incidents occurred. Enow claims that while housed at ECI he was subjected to inadequate ventilation, tobacco smoke, mold and fungus, and vermin. He self-reports suffering food poisoning and skin diseases.

As relief for the harms alleged, Enow seeks $300,000 in damages and injunctive relief of an unstated nature. The Court will grant Enow twenty-eight days to amend the Complaint to comply with the Federal Rules. He is directed to limit this filing to no more than fifteen handwritten pages, written on only one side of each page. He must specify the name of each Defendant involved in each incident, identify the federal law or constitutional provision violated, and state the injury he sustained.

### "Three Strikes" Rule

Courts have held that the "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "The exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The bar for establishing imminent danger, although high, is not insurmountable.

If limited to situations in which, say, a beating is ongoing, no prisoner will find solace; once the beating starts, it is too late to avoid the physical injury; and once the beating is over the prisoner is no longer in "imminent danger" . . . . Reading the imminent-danger language this way would make it chimerical, a cruel joke on prisoners.

*Lewis*, 270 F.3d at 531.

Enow's allegations concern past incidents and conduct, the most recent occurred some eight months ago. None is of an emergency nature, and there is no suggest that the incidents alleged are part of a pattern of ongoing conduct. Enow's claim that he was subjected to an assault in April of 2016 raises serious concerns, but it does not suggest that he presently faces immediate danger of serious physical harm sufficient to excuse him from the "three strikes" bar at 28 U.S.C. §1915(g). Enow is a frequent and experienced self-represented litigator in this court, and may not evade § 1915(g) by filing lengthy omnibus complaints in the hope that some of his claims will satisfy the exception under §1915(g). Permitting Enow to proceed otherwise would contravene the intent of the statute.

Consequently, Enow's Motion for Leave to Proceed in Forma Pauperis will be denied. He will be granted 28 days to submit the full $400.00 filing fee. He must also submit an amended complaint as earlier explained. Failure to comply with this Order will result in dismissal of the Complaint without prejudice and without further notice from the Court.

## CONCLUSION

By separate Order, the Court will deny the Motion for Leave to Proceed in Forma Pauperis and grant Enow 28 days to pay the filing fee and amend the Complaint.

01/05/2017
Date

Paul W. Grimm
United States District Judge

5